Zebley, Appellant, *v.* Ostheimer.

Argued November 24, 1950; reargued May 24, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Joseph W. Henderson,* with him *J. Welles Henderson, Jr., George M. Brodhead* and *Rawle & Henderson,* for appellant.

*John R. Young,* with him *James F. McMullan, William H. Steeble, G. Selden Pitt* and *Clark, Brown, McCown, Fortenbaugh & Young,* for appellee.

OPINION PER CURIAM, June 27, 1951:

Ordinarily, in a partnership dissolution, the withdrawing partner is entitled to a full accounting of all the assets and earnings of the partnership, though of course the valuation extent and amount of the share payable to him is governed by the terms of dissolution as provided in the partnership agreement.

Here the court below endeavored to set up a formula gleaned from the agreement and so control the scope of the accounting. This endeavor, though commendable, is not free from difficulty in its practical application, because of the sharp division of the partners as to the correct interpretation of the dissolution provisions of the agreement as to which we feel an accounting on the basis of what the plaintiff claims he is entitled to may help clarify the problem.

In the circumstances we think the defendant should state a complete account of all the detailed items of the partnership commissions received during the five years preceding the dissolution that plaintiff claims should be included (but are not so included in the present account) as part of the base on which he is entitled to 3/5 thereof under Class C, to be calculated under 11(b) of the agreement.

At the audit of this account, each item in dispute may then be passed upon, either individually or as a class, and allowed or disallowed, to the withdrawing partner, as the case may be, in the light of the requirements or interpretation of the agreement.

The record is remanded for further proceedings as indicated in this opinion.